UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JACQUELINE MITCHELL, Executrix of the Estate of BONELL RASHTI, Deceased

*Plaintiff*,

v.

AMERICAN SECURITY INSURANCE COMPANY,

*Defendant*.

Civil Action No. _____

## ORIGINAL COMPLAINT

1. Jacqueline Mitchell, Executrix of the Estate of Bonell Rashti ("Plaintiff(s)") brings this action for breach of contract in accordance with the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129 (2012), seeking the payment of insurance proceeds wrongly withheld by American Security Insurance Company ("Defendant").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action and the Defendant pursuant to 42 U.S.C. § 4072. Federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

3. The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Texas and because Defendant issued a policy of flood insurance covering property that is located in this district.

1

4. Venue is proper in this district pursuant to 42 U.S.C. § 4072, as Bonell Rashti's ("Decedent") insured property is located in this district.

## PARTIES

5. For all relevant times, Decedent owned a house at 5207 Braesheather Drive, Houston, Texas 77096.

6. Defendant is a private insurance company organized under the laws of the State of Delaware with its principal place of business at 260 Interstate North Circle SE, Atlanta, GA 30339-2210.

7. Defendant is authorized to do business in Texas and has designated Corporation Service Company located at 211 E 7th Street, Suite 620, Austin, TX 78701-3218 as its agent for service of process.

## PLAINTIFF'S FLOOD LOSS

8. Defendant participates in the Federal Emergency Management Agency's ("FEMA") Write Your Own ("WYO") program, through which it issues National Flood Insurance Program ("NFIP") policies as FEMA's fiduciary, including the policy at issue in this suit.

9. Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the policy.

10. Pursuant to 44 C.F.R. Section 62.23 (i)(1), Insurer was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

11. Decedent's property at 5207 Braesheather Drive, Houston, Texas 77096 sustained significant flood damage as a result of Hurricane Harvey in August of 2017.

12. Defendant issued an NFIP flood insurance policy (Policy No. FLR150070300) on Decedent's house ("Insurance Policy").

13. Decedent paid all premiums when due and the Insurance Policy issued by Defendant was in full force and effect at the time of the loss.

14. The Insurance Policy insures against "direct physical loss by or from flood to [] insured property." 44 C.F.R. Pt. 61, App. A(1), Art. I (2012).[1]

15. Decedent has incurred and/or Plaintiff will incur significant expenses to restore the home to its pre-flood condition after the flood damage that occurred in August 2017.

16. Plaintiff filed a claim on the Insurance Policy with Defendant, which dispatched an adjuster to estimate the loss.

17. The adjuster prepared an estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with NFIP claims manuals.

18. Plaintiff submitted a sworn Proof of Loss dated August 26, 2018 to Defendant. That Proof of Loss sought payment for $250,000.00, less prior payments and the policy deductible.

19. The amount in the submitted Proof of Loss is based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The Proof of Loss attached supporting documentation, which included a room-by-room, line-by-line, unit cost damage estimate.

---

[1] The terms of Decedent's Insurance Policy conform to FEMA's Standard Flood Insurance Policy General Property Form, which is codified at 44 C.F.R. Part 61, Appendix A(1) (2016).

3

Plaintiff's experts found that the flood damage greatly exceeded the amount and scope of the Defendant's adjuster.

20. Defendant failed to issue payment on the Plaintiff's timely submitted Proof of Loss.

21. Plaintiff has filed this suit to recover the balance owed on the Proof of Loss that Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

23. Decedent and Defendant entered into an insurance contract when Decedent purchased and Defendant issued the Insurance Policy.

24. Decedent maintained the Insurance Policy on which Decedent paid premiums and that was in good standing at the time the insured property sustained a flood loss in August 2017.

25. Plaintiff submitted a Proof of Loss demanding payment. That Proof of Loss was timely and complied with all requirements of the Insurance Policy.

26. Decedent and Plaintiff have complied with all obligations owed under the Insurance Policy.

27. Defendant, however, has breached its contractual obligation by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented by Plaintiff's Proof of Loss.

28. Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Issue a summons to Defendant;

B.      Enter judgment for Plaintiff in an amount not less than the Proof of Loss minus any amounts paid by the Defendant;

C.      Award such attorneys' fees and costs as Plaintiff may be entitled under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

D.      Award such other relief as the Court deems just and proper.

Respectfully submitted,

October 23, 2018

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
SDTX Bar No.: 642324
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
24275 Katy Freeway, Suite 400
Katy, Texas 77494
Phone: (713) 987-7107
Fax:     (832) 827-4207
Email: Shane@hmtrial.com

Martin Bienstock
SDTX Bar No.: 3265151
Weisbrod Matteis & Copley PLLC
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
Phone: (202)751-2002
Fax:     (202)478-1795
Email: mbienstock@wmclaw.com

*Attorneys for Plaintiff*